# Gilmore et al. v. Allds et al.

The return of a Constable of the summons as having been served personally on defendants by producing the original writ and informing them of the contents thereof is not a service which complies with the requirements of the Act of July 9, 1901, which requires the handing of a true and attested copy thereof to the person served.

The Act of July 9, 1901, relating to the service of process in actions at law is constitutional.

The proceedings had by a Justice of the Peace under a summons made returnable more than eight days after its date will be reversed and set aside.

ACT OF JULY 9, 1901, P. L. 614—TITLE OF ACT CONSTITUTION-
AL—SERVICE OF SUMMONS—RETURN DAY OF SUMMONS.

No. 34, Feby. Term, 1903, Certiorari C. P. Erie Co.

George C. Gates, J. P.

Clark Olds, Esq., for Calvin Allds & Lillian Allds, plaintiffs in error.

Opinion by WALLING, P. J., Jan. 9, 1903, summons in assumpsit issued November 13, 1902, for a claim not exceeding three hundred ($300) dollars for work and labor done pressing hay for defendants; horse feed furnished defendants, and for damages for interfering with the plaintiffs' use of hay press, etc.; returnable November 22, 1902, between the hours of 1 and 2 o'clock p. m.

Excerpts from the transcript of the Justice:

November 17, 1902, defendants both appeared on oath and acknowledged service of summons and call for subpoena for five witnesses.

November 22, 1902, plaintiffs appear. Defendants do not appear. Case was called and A. B. Gilmore and Lorenzo Langworthy sworn as witnesses in behalf of plaintiffs. Both witnesses examined by me whereupon it is considered and adjudged by me that plaintiffs on their testimony and in default of appearance of defendants are entitled to the full amount of their claim.

Judgment against defendants for eighty-seven dollars and eighty-two cents ($87.82) and costs of suit.

On the argument of the certiorari it was contended on behalf of the defendants in error that the act of 1901 relating to service of summons was unconstitutional by reason of the title

of the act not containing notice that it applies to service of process by Constable.

It was also contended that the appearance of the defendants before a Justice of the Peace before the return day of the summons acknowledging themselves upon oath to have received service of the summons and asking for a subpoena for their witnesses would cure the defective service of the summons required by the Act of July 9, 1901, and also would cure the defective summons by reason of having been dated more than eight days before the return.

The Court intimates that in his opinion the Act of 1901 was constitutional and that the title with reference to the objection raised is sufficiently specific. The Court, however, rules the case upon other grounds which he regards as important and does not formally decide the case upon the constitutional grounds as will be seen in the following

## OPINION:

January 9, 1903, for the reason that the summons was made returnable more than eight days after its date and was not served as required by law, the proceedings in above case are reversed and set aside.

Reported by J. E. Reed, Esq.,
Erie, Pa.